## Amaziah Payn vs. Taber Parks.

A landlord has a right to defend in the name of the tenant in an action of ejectment. A settlement by the tenant with the plaintiff, without the consent of the landlord or his attorney, stipulating to discontinue the suit without costs, operates as a fraud upon defendant's attorney; where it appears the tenant has never acted at all in the suit; the defence being carried on altogether by the landlord. The papers showing the tenant and landlord to be insolvent.

*Motion by defendant to set aside a rule entered in common rule book, discontinuing this suit without costs.*—It appears from defendant's papers, this is an action of ejectment that the defendant was a tenant for one year of the premises; the landlord, William Forkson, received the declaration from defendant immediately after the service on defendant, and employed counsel to defend, and was considered and treated as the real defendant in the cause; the defendant Parks never having anything to do with the suit, and left the premises after one year's occupation; the declaration was served in the year 1839. Plaintiff being a non resident, was required to file security for costs; that two other suits were commenced the same time against one Simmons and one Beal by the same plaintiff, being actions of ejectment, and all three suits brought for the recovery of the same piece of land. The same attorney was employed to defend said actions, by said Forkson, as landlord for the three tenants named, who were made defendants; and that the three suits, together with two others brought by said plaintiff against said Forkson, for the same and other premises, were all carried on together. At the last April circuit, the cause against Beal was tried, and plaintiff nonsuited. Plaintiff then refused to try the other two. A bill of exceptions was made and settled in the cause tried, and was noticed for argument at the last July and October terms. Shortly before the January term last, defendant's attorney was served with a copy rule discontinuing this cause (and the two others against Simmons and Beal,) without costs. Defendant shows that a stipulation was signed by the defendant Parks at the instigation of one Smith Griffith, the surety of plaintiff for costs, some time last December, on Griffith giving him a bond of indemnity, which was the first act the defendant Parks had ever undertaken to do about the suit. Defendant's attorney had before cautioned said defendant Parks not to meddle in any manner in this suit. At the June special term last, defendant made a motion in this cause for judgment as in case of non-suit, for not trying at the April circuit. A rule was granted by the court directing this cause to abide the event of the suit of Payn vs. Beal, and that plaintiff should pay the costs of circuit and of motion; a

copy of which rule was served on plaintiff's attorney. The defendant's counsel insisted that the effect of such rule to discontinue without costs would be to deprive defendant's attorney of his costs in the suit, as defendant Parks was irresponsible. Plaintiff, shows that a mortgage was executed by one Haskin and wife, and said William Forkson and his wife, to one Miles Beach, in the year 1836, of about two hundred acres of land, commonly called the Payn farm ; (formerly owned by said plaintiff) and including the premises for which this action was brought. Subsequently Smith Griffith became the assignee of said mortgage and accompanying bond, and in September, 1844, he sold said mortgaged premises, which were bid off and purchased by said Griffith. That said Griffith represented these facts to said defendant Parks, and procured the stipulation above mentioned, to discontinue this suit without costs. Plaintiff also shows that said Forkson is wholly and utterly insolvent ; and that defendant Parks had stated to said Griffith he had never authorized or employed any person to appear or defend for him in this suit. Plaintiff's counsel insisted that Forkson could not defend in the name of the tenant and have control of the suit.

S. Stevens, *Defts Counsel.*       J. Koon, *Defts Atty.*

D. Cady, *Plffs Counsel.*          S. G. Huntington, *Plffs Atty.*

Nelson, Chief Justice.—Held, that Forkson had a right to defend in the name of the tenant, and that the settlement with the tenant operated as a fraud upon the attorney.

*Decision.*—Motion granted with costs.

The same decision in the cases of Payn vs. Simmons, and Payn vs. Beal.